**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4474**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN CLARK MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00163-WO-1)

Submitted:  February 28, 2022

Decided:  March 15, 2022

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Clark Moore appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment followed by 12 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the imposition of an additional term of supervised release that included a special condition requiring inpatient treatment was proper. The Government has declined to file a brief. Although notified of his right to file a pro se supplemental brief, Moore has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Moore's term of supervised release does not exceed the applicable statutory maximum. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that the additional term of supervised release and the special condition are procedurally and substantively reasonable. The district court imposed the statutory maximum term of supervised release, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Specifically, the court recounted Moore's continued use of illegal controlled substances and his history of criminal activity while using controlled substances. Further, the imposition of the inpatient treatment condition of supervised release is reasonable because the court considered Moore's history of drug use, his criminal conduct while using drugs, and his desire to enroll in an inpatient treatment program, along with Moore's agreement that he wanted to participate in the treatment program, and a sentencing court is permitted to consider rehabilitation in imposing conditions of supervised release and can order participation in treatment programs, s*ee* 18 U.S.C. §§ 3583(c)-(d), 3563(b)(9); *cf. Tapia v. United States*, 564 U.S. 319, 322 (2011)

3

(holding that district court may not lengthen term of incarceration to render defendant eligible for drug treatment program); *United States v. Bennett*, 698 F.3d 194, 198-99 (4th Cir. 2012) (applying *Tapia* in context of supervised release revocation).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*